**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0588n.06

No. 11-3201

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 06, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| THIERNO M. DIALLO, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, NORRIS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Thierno M. Diallo, a federal prisoner, appeals his conviction on seven counts of aiding and assisting in the preparation of false tax returns.

Diallo was charged with fifteen counts, pled not guilty, and proceeded to a jury trial. At trial, the government introduced evidence that Diallo had a tax-preparation business in addition to his regular job, and that he prepared approximately 750 tax returns for the years 2006 and 2007, mostly for other members of the West African immigrant community. The government presented evidence that an unusual percentage of the returns prepared by Diallo resulted in refunds to the taxpayers. The taxpayers involved in the fifteen charged returns testified that Diallo prepared their returns, which were false in that they claimed an erroneous filing status, number of dependents, or business expenses. Diallo presented the defense that he had prepared the returns with the information provided by the individuals, and that they had blamed him for the false returns in order to avoid deportation. The jury convicted Diallo on seven counts and acquitted him on eight counts. He was sentenced to twenty-four months of imprisonment.

On appeal, Diallo argues that the district court erred in granting the government's motion *in limine*, which prevented him from arguing that the over 700 returns that he was not charged with falsifying were in fact accurate.

We note initially that counsel did make this argument in his opening statement, as the motion *in limine* was not filed until after the opening statements. Therefore, he was not entirely precluded from raising this argument before the jury. Diallo argued, in response to the motion, that the government's statistical evidence regarding the number of refunds received by his clients implied that most of the returns he prepared were false, and was therefore unduly prejudicial. He asked to be permitted to argue that, because he was charged with only fifteen counts, the remainder of the returns he prepared must have been accurate. The district court found that the statistical evidence was presented for the purpose of showing how Diallo's tax preparation business came to the attention of the IRS. It ruled that evidence that the other returns were accurate would not be relevant to Diallo's guilt on the charged counts.

A district court's ruling regarding the admission of evidence or argument is reviewed for an abuse of discretion, and even if an abuse of discretion is found, it will justify reversal only if the error was not harmless. *United States v. Jackson-Randolph*, 282 F.3d 369, 376 (6th Cir. 2002). An error concerning admission of evidence is harmless unless it is more probable than not that the error materially affected the verdict. *United States v. Davis*, 577 F.3d 660, 670 (6th Cir. 2009).

Here, the district court relied on *United States v. Daulton*, No. 06-4593, 2008 WL 116356 (6th Cir. Jan. 8, 2008), a similar case where we concluded that evidence that the defendant filed some accurate tax returns was irrelevant to whether he was guilty of falsifying the returns that he was charged with falsifying. We find no abuse of discretion in the district court's ruling. Diallo argues that his case is distinguishable from *Daulton* because the government implied that he had a scheme involving filing mostly false returns. He argues that the district court erred in finding that the statistical evidence was presented to explain how his returns came to the attention of the IRS, when the evidence was actually used to imply that he was guilty of a scheme to file mostly false returns. But even if the district court committed error, the error was harmless. The jury was able to separate

the evidence on each count. This is clear from the fact that it acquitted Diallo on eight of the fifteen counts charged. Therefore, the jury was not swayed by any attempt to imply that Diallo filed mostly false returns.

Accordingly, we affirm Diallo's conviction.